UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BENJAMIN PAGANO, PAIGE ACEVEDO, and
MAGGIE MCNEIL, on behalf of themselves and
all others similarly situated,

                          Plaintiffs,

               -against-

HN & SONS LLC d/b/a BUSHWICK PUBLIC
HOUSE, DERIHU 18 LLC a/k/a CHISPA,
HOOMAN ENAYATIAN, DAVID LARODA,
JOSH BECKETT, JOHN DOE and/or
JANE DOE #1-10,

                        Defendants.
-----------------------------------------------------------x

**CLASS AND COLLECTIVE
ACTION COMPLAINT**


**JURY TRIAL DEMANDED**

       Plaintiffs Benjamin Pagano ("Plaintiff Pagano"), Paige Acevedo ("Plaintiff Acevedo")

and Maggie McNeil ("Plaintiff McNeil") (collectively "Plaintiffs"), on behalf of themselves and

all others similarly situated, allege as follows:

## PRELIMINARY STATEMENT

       1.      Plaintiffs seek to represent a New York State-wide Rule 23 Class and Fair Labor

Standards Act ("FLSA") Collective consisting of food service employees who worked for

Defendants HN & Sons LLC d/b/a Bushwick Public House ("Defendant BPH"), Derihu 18 LLC

d/b/a Chispa ("Defendant Chispa"), Hooman Enayatian ("Defendant Enayatian"), Josh Beckett

("Defendant Beckett") David Laroda ("Defendant Laroda") and John Doe and/or Jane Doe #1-10

(altogether "Defendants"). Defendants, between August 18, 2016, and the date Defendants

cease, or are enjoined from, violating the New York Labor Law ("NYLL") and the FLSA.

       2.      Defendants employed Plaintiffs as food service employees. Plaintiffs are as such

entitled to tips pursuant to both the FLSA and NYLL.

3.      Defendants have a policy of stealing Plaintiffs' and all of its servers and/or bartenders tips by keeping 20% of all tips paid by credit cards before paying their employees.

4.      Defendants have never provided the prerequisite wage notice under the FLSA and NYLL to its employees and as result are not entitled to the tip credit.

5.      As a result of not being entitled to the tip credit, Defendants have failed to pay Plaintiffs and those who are similarly situated the minimum wage.

6.      Defendants have furthermore failed to provide Plaintiffs and those similarly situated any wage statements or paystubs contemporaneously with their wage payments.

7.      This action is brought to recover the stolen tips, failure to pay minimum wages, and failure to provide wage statement or paystubs to Plaintiffs and others similarly situated, as well as attorneys' fees, costs, liquidated damages, and injunctive and declaratory relief against Defendants' unlawful actions.

8.      Plaintiffs were furthermore retaliatorily terminated for complaining to Defendants that Defendants' activity, policy, or practice poses a substantial and specific danger to public health and safety.  Plaintiffs are therefore entitled to backpay, front pay, punitive damages, civil penalties and attorneys' fees and costs pursuant to NYLL § 740.

9.      Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically the collective action provision of the FLSA, 20 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawful wages.

10.     Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23, for violations of New York Labor Law ("NYLL") §§ 190 *et seq.*

11.     This action is furthermore brought in redress Plaintiff's retaliatory termination pursuant to NYLL § 740.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1), as Defendants conduct business in this district to a sufficient degree to be considered residents of this district under 28 U.S.C. § 1391(d).

14.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### Plaintiff Pagano

15.     Plaintiff Pagano is an adult individual residing in Brooklyn, New York.

16.     At all times relevant to this Complaint, Defendants jointly employed Plaintiff Pagano as a food service employee at Defendant BHP in Brooklyn, New York.

### Plaintiff Acevedo

17.     Plaintiff Acevedo is an adult individual residing in Brooklyn, New York.

18.     At all times relevant to this Complaint, Defendants jointly employed Plaintiff Pagano as a food service employee at Defendant BHP in Brooklyn, New York.

<u>Plaintiff McNeil</u>

19.     Plaintiff McNeil is an adult individual residing in Brooklyn, New York.

20.     At all times relevant to this Complaint, Defendants jointly employed Plaintiff McNeil as a food service employee at Defendant BHP in Brooklyn, New York

<u>Defendants BPH and Chispa</u>

21.     Defendant BPH is a New York corporation located at 1288 Myrtle Avenue, Brooklyn, New York.

22.     Defendant BPH operates as a coffee shop and bar.

23.     Defendant BPH does not have a kitchen and does not employ any "back of the house" employees.

24.     Defendant BPH only employs "front of the house" food service employees.

25.     Defendant BPH is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant BPH has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including, but not limited to, sugars, coffees, teas, beers, and liquors and (2) an annual gross volume of sales in excess of $500,000 during the relevant time periods.

26.     Defendant Chispa was a New York corporation located in 259 St. Nicholas Avenue, Brooklyn, New York.

27.     Upon information, Defendant Chispa was closed in late January 2022 or early February 2022.

28.     Defendant Chispa operated an identical business as Defendant BPH.

29.     Defendant Chispa also operated as a coffee shop and bar.

30.     Defendant Chispa also did not have a kitchen and did not employ any "back of the house" employees.

31.     Defendant Chispa's only also employed "front of the house" food service employees.

32.     Defendant Chispa was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant Chispa had: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including, but not limited to, sugars, coffees, teas, beers, and liquors and (2) an annual gross volume of sales in excess of $500,000 during the relevant time periods.

33.     Joint Enterprise Liability and joint employer status are established against Defendants BPH and Chispa as they are both owned and controlled by Defendant Enayatian, had common employment and wage policies including the stealing of tips from employees and both shared employees at all times relevant to this Complaint.

34.     The combined annual gross volume of sales of both Defendants BPH and Chispa exceeded $500,000 in each of the relevant years.

35.     Defendant BPH is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and other employees who are similarly situated.

36.     At all relevant times, Defendant BPH has maintained control, oversight, and direction over Plaintiffs and other employees who are similarly situated.

5

37.     Defendant Chispa was a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed putative class employees who were similarly situated to Plaintiffs.

38.     At all relevant times to this Complaint, Defendant Chispa maintained control, oversight, and direction over employees who are similarly situated to Plaintiffs.

39.     Upon information, Defendant BPH has employed at least 40 employees who are similarly situated to Plaintiffs at all times relevant to this Complaint.

40.     Upon information, Defendant Chispa has employed at least 40 employees who are similarly situate to Plaintiffs relevant to this Complaint.

41.     Defendant Enayatian is the owner of Defendant BPH and Chispa. He exercises sufficient control over Defendants BPH and Chispa's operations to be considered an employer to Plaintiffs and others who are similarly situated under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at Defendants BPH and Chispa, including but not limited to the practice of stealing 20% of credit card tips from Plaintiffs and those who are similarly situated..

42.     Defendant Laroda is the general manager of Defendant BPH. He exercises sufficient control over Defendant BPH's operations to be considered an employer to Plaintiffs and other who are similarly situated under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at Defendant BPH, including but not limited to the practice of stealing 20% of credit card tips from Plaintiffs and those who are similarly situated..

43.     Defendant Beckett was the general manager of Defendant Chispa and was also a

manager at Defendant BPH. He exercises sufficient control over Defendants BPH and Chispa's

operations to be considered Plaintiffs and other who are similarly situated under the FLSA and

NYLL, including the authority to hire and fire, assign work, supervise employees, maintain

payroll records, and at all times material herein established and exercised authority regarding the

pay practices at Defendants Chispa and BPH, including but not limited to the practice of stealing

20% of credit card tips from Plaintiffs and those who are similarly situated.

44.     At all times relevant to this Complaint, Plaintiffs and other members of the

putative class and collective were employed by Defendants within the meaning of the FLSA, 29

U.S.C. § 203(e), and NYLL § 190(2).

## CLASS ALLEGATIONS

### FLSA Collective Action

45.     Plaintiffs bring their FLSA Minimum Wage and Tip Stealing claims on behalf of

themselves and all similarly situated persons who have worked for Defendants as a food service

employee from August 18, 2019, until the date Defendants cease, or are enjoined from, violating

the FLSA ("FLSA Collective").

46.     Defendants are liable under the FLSA for, *inter alia*, failing to properly

compensate Plaintiffs, and as such, notice should be sent to the FLSA Collective.

### Rule 23 Class Action

47.     Plaintiffs bring their NYLL minimum wage, tip stealing, and NYLL § 195 claims

on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil

Procedure consisting of all bartenders/servers employed by Defendants from August 18, 2016,

until the date Defendants cease, or are enjoined from, violating the NYLL ("Rule 23 Class").

48. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff, and calculation of such numbers would require facts in the sole control of Defendant, upon information and belief, there are more than 80 members of the class during the class period. This calculation is based on Plaintiffs' observation of the putative class members who have worked for Defendants during the relevant time period.

49. The claims of Plaintiffs are typical of the claims of the Rule 23 Class.

50. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

52. Defendants have acted on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief appropriate for the class.

53. There are questions of law and fact common to the class, which predominate over any questions solely affecting individual members of the class, including:

a.   Whether Defendants had a policy of stealing tips from Plaintiffs and the Rule 23 Class;

b.   whether Defendants are joint employers of Plaintiffs and the Rule 23 Class;

c.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

d.   whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wage within the meaning of the New York Labor Law Article 19 and the supporting New York State Department of Labor Regulations, 12 NYCRR 142-2.1;

e.   whether Defendants failed to provide Plaintiffs and the Rule 23 Class with any paystub or pay statements in violation of NYLL § 195(3).

## COLLECTIVE AND CLASS-WIDE FACTUAL ALLEGATIONS

54.   The proposed Rule 23 Class and FLSA Collective consist of food service employee whose job duties involved preparing drinks for customers, serving drinks and light snacks for customers both in the bar area and the sitting areas and cleaning up after customers.

55.   Members of the Rule 23 Class and FLSA Collective receive a set base pay, regardless of the hours worked, for each shift worked plus tips.

56.   Members of the Rule 23 Class and FLSA Collective have 20% of their credit card tips unlawfully stolen and withheld by Defendants.

57.   Members of the Rule 23 Class and FLSA Collective never received a Wage Notice from Defendants and as a result Defendants are not entitled to the tip credit.

58.   As a result of not being entitled to the tip credit, Defendants have failed to pay members of the Rule 23 Class and FLSA Collective their minimum wage.

59.    At no point did any of the Rule 23 Class and FLSA Collective receive a legally sufficient wage statement or paystub as required by NYLL § 195(3).

Defendants' Joint Employer Status

60.    Defendants BPH and Chispa jointly employed all FLSA Collective and Rule 23 Class employees.

61.    Defendants BPH and Chispa have common ownership and employee management during all times relevant to this Complaint.

62.    Defendants BPH and Chispa are/were both owned, controlled and managed by Defendant Enayatian during the time period relevant to this Complaint.

63.    Defendant BPH  was controlled and managed by Defendant Laroda during the time period relevant to this Complaint.

64.    Defendants BPH and Chispa are/were controlled and managed by Defendant Beckett during the time period relevant to this Complaint.

65.    Defendants Enayatian,Laroda and Beckett have/had authority to fire and fire employees, set employment, wage and pay policies (including the policy of stealing of 20% of credit card tips), maintain payroll records, set employee works schedules and assign work to employees during all times relevant to this Complaint.

66.    Indeed, both Defendants BPH and Chispa have/had identical wage and pay policies (including the policy of stealing 20% of credit card tips) during all times relevant to this Complaint.

67.    Defendants BPH and Chispa furthermore share employees during all times relevant to this Complaint.

10

## INDIVIDUAL FLSA and NYLL FACTUAL ALLEGATIONS

### Plaintiff Pagano

68.     Plaintiff was a food service employee at Defendant BPH from on or about September 14, 2021 until his unlawful termination on or about May 2, 2022.

69.     Plaintiff's Pagano's job duties, included, but were not limited to making drinks and beverages at the bar, taking orders from customers from both at the bar and at their tables, serving customers their drinks both at the bar and at their tables, preparing simple food items from the bar, collecting payments from customers, and cleaning up after the customers.

70.     Plaintiff Pagano worked on Tuesdays, Wednesdays and Fridays from 2:00pm to 8:00pm during the course of his employment.

71.     Plaintiff Pagano was paid a base salary of $77 per shift. However, he often had to stay until 10:00pm without being paid anything extra.

72.     In addition to his base salary, Plaintiff Pagano also received tips.

73.     Defendants have paid Plaintiff Pagano by cash and by Zelle.

74.     However, similar to all other Plaintiffs and the Class Collective, Defendants unlawfully withheld and stole 20% of all credit card tips from Plaintiff Pagano.

75.     Plaintiff Pagano never received any wage notice informing him of his entitlement to tips from Defendants.

76.     Plaintiff Pagano furthermore never received any wage statements or paystubs from Defendants.

### Plaintiff Acevedo

77.     Plaintiff Acevedo was initially hired as a food service employee by Defendant BPH in January 2019 until her unlawful termination on May 2, 2022.

11

78.     Plaintiff Acevedo's job duties, included, but were not limited to making drinks and beverages at the bar, taking orders from customers from both at the bar and at their tables, serving customers their drinks both at the bar and at their tables, preparing simple food items from the bar, collecting payments from customers, and cleaning up after the customers.

79.     In this role, Plaintiff Acevedo worked two (2) 8:00pm to 4:00am shifts per week. Plaintiff Acevedo was paid a base salary of $45 per shift.

80.     Plaintiff Acevedo stopped being a regularly schedule employee at defendant BPH from May 2019 until December 2021. During this time period, Plaintiff Acevedo worked around five (5) eight (8) hour shifts for Defendants where she was paid $45 for per shift.

81.     Plaintiff Acevedo again became a food service employee with a regular work schedule at Defendant BPH in December 2021. Plaintiff was scheduled to work Mondays and Wednesdays during the 2:00pm to 8:00pm shift. Plaintiff Acevedo was paid a base salary of $75 per shift regardless of the number of hours worked.

82.     In February 2022, Plaintiff Acevedo was promoted to be a manager at Defendant BPH.

83.     As a manager, Plaintiff Acevedo did not have any authority, input or say in any of Defendants' pay and payroll policies, including the tip stealing policy. Only Defendants Hooman Laroda and Beckett had authority over these policies.

84.      As a manager, Plaintiff Acevedo nevertheless continued to work as a food service employee and performed the same tasks as any other food service employees, including serving customers directly, during her shifts.

85.     In fact, Plaintiff Acevedo were often times the only employee on duty during her shifts as a manager.

86.     As a manager, Plaintiff Acevedo received $100 per shift.

87.     Plaintiff Acevedo was scheduled to work as a manager on Mondays, Wednesdays and Saturdays between 2:00pm and 8:00pm.

88.     Plaintiff Acevedo would also from time-to-time substitute for other food service employees where she did not work as manager.

89.     When Plaintiff Acevedo substitute for other food employees, she would either be paid a base salary of $75 if she were to work the 2:00pm to 8:00pm shift or $45 in base salary if she were to work the 8:00pm to 4:00am shift.

90.     In addition to her base salary, Plaintiff Acevedo also received tips.

91.     Defendants have paid Plaintiff Acevedo by cash and by Zelle.

92.     However, similar to all other Plaintiffs and the Class Collective, Defendants unlawfully withheld and stole 20% of all credit card tips from Plaintiff Acevedo.

93.     Plaintiff Acevedo never received any wage notice informing her of her entitlement to tips from Defendants.

94.     Plaintiff Acevedo furthermore never received any wage statements or paystubs from Defendants.

<u>Plaintiff McNeil</u>

95.     Plaintiff McNeil was a food service employee at Defendant BPH from on or about June 4, 2021 until her unlawful termination on or about May 2, 2022.

96.     Plaintiff McNeil's job duties, included, but were not limited to making drinks and beverages at the bar, taking orders from customers from both at the bar and at their tables, serving customers their drinks both at the bar and at their tables, preparing simple food items from the bar, collecting payments from customers, and cleaning up after the customers.

13

97.     Plaintiff McNeil worked on Monday, Tuesday, Friday and Saturdays from 8:00pm to 4:00am during the course of her employment.

98.     Plaintiff McNeil was paid a base salary of $45 per shift.

99.     In addition to her base salary, Plaintiff McNeil also received tips.

100.    Defendants have paid Plaintiff McNeil by cash and by Zelle.

101.    However, similar to all other Plaintiffs and the Class Collective, Defendants unlawfully withheld and stole 20% of all credit card tips from Plaintiff McNeil.

102.    Plaintiff McNeil never received any wage notice informing her of her entitlement to tips from Defendants.

103.    Plaintiff McNeil furthermore never received any wage statements or paystubs from Defendants.

<u>Retaliatory Termination</u>

104.    In the year leading up to Plaintiffs' terminations, Plaintiffs and other employees have had to deal with an increasing number of customers that posed a physical threat to employees and customers' safety.

105.    These customers would physically assault other customers and employees.

106.     Plaintiffs had to call the police on a number of occasions due to these customers' behavior, leading up to or around the time of their termination.

107.    Defendants Hooman and Laroda nevertheless continued to allow these customers to go into Defendant BPH despite multiple pleads and complaints of the safety and harm which this customer causes to the public from Plaintiffs and other employees.

14

108.     Plaintiffs asked and pleaded with Defendants Hooman and Laroda to ban these customers and to get security for Defendant BPH on a regular basis until around the time of their termination to no avail.

109.     Defendants simply refused to address these dangerous customers nor were they willing to get any protection for the employees and customers.

110.     Plaintiffs were all terminated on May 2, 2022 in retaliation for their complaint about a dangerous issue that posed a substantial and specific danger to public health and safety.

## FIRST CAUSE OF ACTION
### FLSA – Tip Theft (FLSA Collective)

111.     Plaintiffs repeat and reallege all of the above allegations as though fully set forth herein.

112.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

113.     Plaintiffs consent to be a party to this action, pursuant to 29 U.S.C. § 216(b).

114.     At all times relevant to this action, Plaintiffs and Collective Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d).

115.     At all times relevant to this action, Plaintiffs and Collective Members were engaged in commerce and the corporate Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

116.     Defendants violated the rights of Plaintiffs and Collective Members by willfully stealing 20% of all credit tips earned in violation of the FLSA, 29 U.S.C. §§ 203(m)(2).

117.     Defendants are liable to Plaintiff and Collective Members for their stolen tips, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### NYLL – Tip Theft (Rule 23 Collective)

118.    Plaintiffs repeat and reallege all of the above allegations as though fully set forth herein.

119.    NYLL § 196-d prohibits employers from "demanding, accepting, or retaining directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity."

120.    As set forth in this Complaint, Defendants have willfully and systematically retained 20% all credit card tips or gratuities from Plaintiffs and the Rule 23 Collective.

121.    Tips and gratuities are a deemed to be a part of food service employees' wages.

122.    Defendants has as a result unlawfully deducted wages from Plaintiffs and the Rule 23 Collective in violation of NYLL § 193.

123.    Defendants are therefore liable to Plaintiffs and the Rule 23 Collective for the stolen tips or gratuities, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to NYLL § 198(1-a).

## THIRD CAUSE OF ACTION
### FLSA – Unpaid Minimum Wages (FLSA Collective)

124.    Plaintiffs repeat and reallege all of the above allegations as though fully set forth herein.

125.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

126.    Plaintiffs consent to be a party to this action, pursuant to 29 U.S.C. § 216(b).

127.    At all times relevant to this action, Plaintiffs and Collective Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d).

16

128.     At all times relevant to this action, Plaintiffs and Collective Members were engaged in commerce and the corporate Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

129.     Defendants are not entitled to the tip credit as a result of willfully not providing Plaintiffs and Collective Members with the prerequisite wage notice.

130.     As a result of not being entitled to the tip credit, Defendants have willfully failed to pay Plaintiff them the minimum wage for each hour worked in each discrete work week in violation of FLSA, 29 U.S.C. §§ 201 *et seq.*

131.     Defendants are liable to Plaintiff and Collective Members for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
**NYLL – Unpaid Minimum Wage  (Rule 23 Collective)**

132.     Plaintiffs repeat and reallege all of the above allegations as though fully set forth herein.

133.     Defendants have engaged in a widespread pattern and practice of violating the NYLL, as detailed in this Complaint.

134.     Defendants are not entitled to the tip credit as a result of willfully not providing Plaintiffs and Rule Collective with the prerequisite wage notice.

135.     As a result of being not entitled to the tip credit, Defendants have willfully failed to pay Plaintiff them the minimum wage for each hour worked in each discrete work week in violation of NYLL § 652.

136.    Defendants are liable to Plaintiff and Class Members for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to NYLL § 198(1-a).

### FIFTH CAUSE OF ACTION
### NYLL – Failure to Provide Wage Statements (Rule 23 Collective)

137.    Plaintiffs repeat and reallege all of the above allegations as though fully set forth herein.

138.    Pursuant to NYLL § 195(3), every employer is required to

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

139.    Defendants knowingly and willfully failed to comply with this provision by failing to provide Plaintiffs and the Rule 23 Collective with any wage statement.

140.    NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with reasonable costs and attorney's fees as well as appropriate injunctive and/or declaratory relief).

141.    Defendants are therefore liable to Plaintiffs and the Rule 23 Collective in the amount of $5,000 per employee, plus reasonable attorney's fees and costs and any other relief appropriate under NYLL § 198.

### SIXTH CAUSE OF ACTION
### NYLL - Retaliation

142.    Plaintiffs repeat and reallege all of the above allegations as though fully set forth herein.

143.   At all times relevant to this Complaint, Defendant BPH was Plaintiffs' employer.

144.   As set forth in this Complaint, Plaintiffs engaged in a protected activity when they complained and raised concerns to Defendants about an activity, policy, or practice poses a substantial and specific danger to public health and safety as it pertains to Defendants' failure to do anything violent customers.

145.   Plaintiffs were retaliated against when they were terminated for reporting and complaining about Defendants about the violent customers.

146.   Such action by Defendants were deliberate and willful and in reckless disregard for Plaintiffs' rights and legal obligations.

147.   Defendants have furthermore failed to post the requisite notice at the workplace informing Plaintiffs of their rights under NYLL § 740.

148.   Plaintiffs are, thus, entitled to relief, including back pay, front pay, punitive damages, civil penalties, and reasonable attorney's fees and costs under NYLL § 740.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and on behalf of all others similarly situated, pray for the following relief:

a.   That, at the earliest possible time, Plaintiffs through their counsel be permitted to give notice of this collective action, or that the Court issue such notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of the Court's issuance of court-supervised notice, been employed by Defendants. Such notice shall inform them that this civil action has been filed, of the

19

nature of the action, and of their right to join this lawsuit if they believe they were denied

proper hourly compensation and tips;

b.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

c.  Designation of the named Plaintiffs as class representative and designation of Plaintiffs'

counsel of record as class counsel;

d.  Unpaid wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. §§ 201 *et seq.*;

e.  An additional and equal amount in unpaid wages as liquidated damages pursuant to 29

U.S.C. §§ 201 *et seq.*;

f.  Statutory damages pursuant to NYLL §§ 198(1)(b) and (d);

g.  Statutory damages pursuant to NYLL § 195.1;

h.  Backpay, front pay, punitive damages, civil penalties, and reasonable attorneys and fees

pursuant to NYLL § 740; and

i.  Issuance of a declaratory judgement that the practices complained of herein are unlawful

under the FLSA and NYLL and a permanent injunction against Defendants' continued

engagement in such practices.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact

raised by the Complaint.

Dated:  New York, New York
        August 18, 2022


                                   WILLIAM K. LI LAW, PLLC

                                   */s/ William K. Li*
                                   William Li
                                   535 Fifth Avenue, 4th Floor
                                   New York, NY 10017
                                   T: 212-380-8198
                                   wli@wlilaw.com
                                   *Counsel for Plaintiffs Benjamin Pagano,*
                                   *Paige Acevedo and Maggie McNeil and the*
                                   *Rule 23 Proposed Class and FLSA Proposed*
                                   *Collective*