# William K Li Law PLLC

535 Fifth Avenue, 4th Floor, New York, NY 10017
(212) 380-8198    wli@wlilaw.com

March 27, 2023

**BY ECF**
Hon. Brian M. Cogan, U.S.D.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     ***Benjamin Pagano, et al. v. HN & Sons LLC d/b/a***
        ***Bushwick Public House, et al., 22-cv-4897(BMC)***

Dear Judge Cogan,

       This firm represents Plaintiffs in the above-referenced Fair Labor Standards Act ("FLSA") and Article 6 of the New York Labor Law ("NYLL") collective class action. We write to respond to Defense counsel's March 24, 2023 Request for a Pre-Motion Conference in anticipation of their Motion to Withdraw (the "Motion") as counsel for Defendant HN & Sons LLC d/b/a Bushwick Public House ("Defendant BPH") and Individual Defendant Hooman Enayatian ("Defendant Enayatian") (ECF Dkt. No. 56).

       Plaintiffs are mindful that the Court has issued a temporary stay on the matter on March 24, 2023 as a result of the Motion. Plaintiffs would however respectfully request the Court take judicial notice that Plaintiffs have been waiting to disseminate the Notice of Lawsuit (the "Notice") to the putative class members pending an agreement with Defendants over the individuals that should be included in the list and the location of where to post the Notice at Defendant BPH's premises. The Court most recently ordered Defendants to confer with Plaintiffs to reach an agreement on these issues within one week of the Court's Order of March 21, 2023 (or by March 28, 2023). (*See* ECF Dkt. No. 53).

       The undersigned and Defense counsel Ge Qu have been conferring since the Court's March 21, 2023 Order on these two issues pertaining to the Notice and we believe that the parties could have come to an agreement by the March 28, 2023 deadline prior to the submission of the Motion. Given the timing of the Motion, Plaintiffs would be prejudiced by further delays in their inability to finalize an agreement as to the dissemination and posting of the Notice, resulting from their interim inability to continue to communicate with Defendants as a result of the inherent interruption and delay from the transition of Defendants' outgoing and potential new counsel.

       We therefore respectfully request that the Court direct Defense counsel to stay on the matter until the end of this week for the sole, limited purpose of finalizing the agreement with Plaintiffs on the issues pertaining to the names to be on the putative class list and the location of where to post the Notice as was previously Ordered. We do not believe this would impose any meaningful additional burden on defense counsel. This way, in the interests of efficiency, Plaintiffs would be able to transmit and post the Notice and allow putative class members to opt-in while the other facets of the matter are stayed. In the alternative, should the Court determine otherwise, we respectfully request that the Court clarify or extend its stay to include the statute of limitations

"look-back" period on the opt-in putative class members until such time as Plaintiffs are able to disseminate and post the Notice.

We again thank the Court for its continued time and attention to this matter.

Respectfully Submitted,

William Li