```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
BENJAMIN PAGANO, PAIGE ACEVEDO,              :
and MAGGIE MCNEIL, on behalf of              :   MEMORANDUM, DECISION &
themselves and all others similarly situated,:   ORDER
                                             :
                            Plaintiffs,      :   22-cv-4897 (BMC)
                                             :
                                             :
            -against-                        :
                                             :
                                             :
HN & SONS LLC d/b/a BUSHWICK                 :
PUBLIC HOUSE, DERIHU 18 LLC a/k/a            :
CHISPA, HOOMAN ENAYATIAN, and                :
JOHN DOE and/or JANE DOE #1-10,              :
                                             :
                            Defendants.      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is plaintiffs' unopposed motion for Rule 23 class certification, among other relief. For the following reasons, the motion is granted in part.

## BACKGROUND

Defendants Bushwick Public House and Chispa are Brooklyn cafés owned and managed by defendant Hooman Enayatian. Plaintiffs allege that defendants paid their employees a base salary of $11/hour, below the New York minimum wage, and had a policy of retaining 20% of all credit card tips earned by their front-of-house employees.

Plaintiffs brought this putative class action against defendants, asserting tip theft and minimum wage claims under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL).[1] Although defendants initially appeared and participated in discovery, they eventually

---

[1] Plaintiffs also brought wage statement and retaliation claims under the NYLL that they have since withdrawn.

ceased all communications with their counsel.  We granted counsel's request to withdraw, and the Clerk of Court has entered their default upon the record pursuant to Fed. R. Civ. P. 55(a).

Plaintiffs then filed the instant motion.  They request that the Court certify a Rule 23 class of all defendants' non-exempt food and beverage service and tip-receiving employees who worked for defendants at any time between August 19, 2016 and the date of this order ("Class Period"); appoint Pagano, Acevedo and McNeil as representatives for the class; appoint William K. Li Law, PLLC as lead class counsel; order that notice of class certification be issued to the similarly situated workers comprising the class; and order defendants to produce the names, employment dates and last known mailing addresses, email addresses and phone numbers for all class members within the Class Period, to the extent that they have not already done so.

## DISCUSSION

When a non-defaulting party moves for class certification, the "general principle that factual allegations in the complaint are deemed admitted by the defendant upon default" does not apply because Rule 23 "imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions." Williams v. Goldman & Steinberg, Inc., No. 03-cv-2132, 2006 WL 2053715, at *8 (E.D.N.Y. July 21, 2006) (quotations omitted).  Thus, "a class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Id. at *7 (cleaned up).

To prevail on a certification motion, plaintiffs must demonstrate "by a preponderance of the evidence that each of Rule 23's requirements have been met." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010).  Rule 23(a) requires that a putative class action "(1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs

whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." Id.  The Second Circuit has also recognized an implied fifth prerequisite: the class must be objectively ascertainable.  See In re Petrobas Sec. Lit., 862 F.3d 250, 260 (2d Cir. 2017).  On top of the Rule 23(a) requirements, parties seeking certification under Rule 23(b)(3) must demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

**I.     Rule 23(a)**

**A.     Numerosity**

Rule 23(a)(1) provides that a proposed class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Numerosity is presumed for classes comprised of over 40 members.  See Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995).  Here, plaintiffs have identified 54 employees affected by defendants' compensation practices in just the final three years of the class period, which certainly justifies a "reasonbl[e] estimate" that the class size over the entire six-year period will exceed 40 persons.  Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993).  Even setting the presumption aside, the record indicates that joinder of all members would be impractical.  Thirteen plaintiffs have already opted-in to the FLSA collective action, and because "[t]he putative class members are restaurant workers who allege labor law violations," it is likely that "they lack the financial resources to independently participate in the litigation through joinder."  Mangahas v. Eight Oranges Inc., No. 22-cv-4150, 2024 WL 2801922, *6 (S.D.N.Y. May 31, 2024).

### B. Commonality and Typicality

"The commonality and typicality requirements, together, require [p]laintiffs to show that they raise questions of fact or law, arising out of a single course of conduct or set of events, that are common to all putative class members," and to show "that that their individual claims and circumstances are sufficiently similar to those of the absent class members so as to ensure that the named plaintiffs will press the claims of all class members." Flores v. Anjost Corp., 284 F.R.D. 112, 124-25 (S.D.N.Y. 2012) (quoting Duling v. Gristede's Operating Corp., 267 F.R.D. 86, 97 (S.D.N.Y. 2010)).

All the proposed class members were employees of defendants, all allegedly were paid below minimum wage, and all were subject to defendants' allegedly illegal tip policy. The class's recovery against defendants, then, will largely turn on the same questions: whether defendants' tip-withholding policy violates the FLSA or NYLL and whether defendants were paying their employees less than $13/hour. If so, defendants breached the FLSA and NYLL's tip-sharing and minimum wage provisions.

Further, although Bushwick Public House and Chispa are separate restaurants, "[i]t is not fatal that the policy is implemented by different persons at the different restaurants or that the tip pools are comprised of different individuals. That is inherent to any labor law class action that covers more than one work site." Mangahas, 2024 WL 2801922 at *7. The affidavits filed with the instant motion suggest that defendants enacted a single set of policies applicable across both restaurants and that those policies give rise to the claims here. It is also immaterial that each employee worked different hours and received different tips. See Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 86 (S.D.N.Y. 2001) ("It is well-established that individual questions with respect to damages will not defeat class certification or render a proposed

4

representative inadequate unless that issue creates a conflict which goes to the heart of the lawsuit." (quotation omitted)).

### C. Adequacy

"For named class representatives to be 'adequate' under Rule 23, two factors generally inform the inquiry: (1) absence of conflict and (2) assurance of vigorous prosecution." Irvin v. Harris, 944 F.3d 63, 71 (2d Cir. 2019) (cleaned up). The proposed class representatives – plaintiffs Pagano, Acevedo, and McNeil – all worked for defendants during the class period and were injured by the same policies affecting the entire class. Their interests are accordingly in line with those of the class, and plaintiffs testified that they have no other conflicting interests. As for vigorous prosecution, plaintiffs have participated in discovery and have asserted that they will continue to zealously prosecute defendants.

### D. Readily Ascertainable

"A class is ascertainable when defined by objective criteria . . . and when identifying its members would not require a mini-hearing on the merits of each case." Brecher v. Republic of Argentina, 806 F.3d 22, 24-25 (2d Cir. 2015). "The court must be able to determine who is in the class without having to answer numerous individualized fact-intensive questions." Montiel-Flores v. JVK Operations Ltd., No. 19-cv-3005, 2023 WL 5979209, at *9 (E.D.N.Y. Aug. 1, 2023), report and recommendation adopted, 2023 WL 6057375 (E.D.N.Y. Sept. 18, 2023).

The proposed class here "can be ascertained by reference to objective criteria, such as dates of employment and information from payroll records." Ramirez v. Riverbay Corp., 39 F. Supp. 3d 354, 366 (S.D.N.Y. 2014). The Court need only look to defendants' POS records during the class period, a sample of which is attached to plaintiffs' motion, to determine whether a worker received tips, and it need only look to defendants' payroll records to determine which members were paid less than the state minimum wage.

## II.    Rule 23(b)(3)

The final bar plaintiffs must clear is Rule 23(b)(3)'s predominance requirement. "The predominance criterion is, in effect, a stricter version of the commonality requirement of Rule 23(a)(2)." Ansoumana, 201 F.R.D. at 89. The Rule sets forth four factors I must weigh:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D).

"Numerous courts have found that wage claims are especially suited to class litigation . . . despite differences in hours worked, wages paid, and wages due." Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113, 128 (S.D.N.Y. 2011) (quotation omitted). Plaintiffs' claims are no different. As discussed above, the class members were all employed by defendants, defendants' liability is contingent on a common question of notice, and individualized questions of damages do not defeat predominance. There are no parallel litigations, nor does the proposed class action seem unmanageable, especially given that plaintiffs are already bringing an FLSA collective action. It is also quite clear that a class action is the most desirable method of adjudicating the employees' claims. Employees who worked relatively few hours are unlikely to bring suits on their own, and many employees may not know about defendants' practices. See Zivkovic v. Laura Christy LLC, 329 F.R.D. 61, 76 (S.D.N.Y. 2018).

## III.    Class Counsel

Having certified a class, I now appoint class counsel. See Fed. R. Civ. P. 23(g). In doing so, I must consider whether "class counsel is qualified, experienced, and generally able to conduct the litigation." Marisol A. ex rel. Forbes v. Giuliani, 126 F.3d 372, 378 (2d Cir. 1997). The plaintiffs' proposed class counsel, William Kaining Li of William K Li Law PLLC, meets

6

these criteria. Counsel has experience litigating class actions, has adequately represented plaintiffs thus far, and has no apparent conflict of interest with the class.

### IV.    Order to Produce Contact Information

Finally, plaintiffs request that the Court order defendants to produce the names, employment dates, last known mailing addresses, email addresses, and phone numbers for all class members within the Class Period, to the extent they have not already done so. Although courts sometimes enter similar post-certification discovery orders, see, e.g., Willix v. Healthfirst, Inc., 2009 WL 6490087, at *7 (E.D.N.Y. Dec. 3, 2009), I do not see the purpose of one here. The defendants have been in default for over seven months, and service documents have been returned as undeliverable since.

Instead, plaintiffs should submit proposed class notice forms within 14 days. The proposal should assure the Court that class members whose identities can be reasonably ascertained will be individually notified and that all other class members are given "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also In re Agent Orange Prod. Liab. Litig., 818 F.2d 145, 167-68 (2d Cir. 1987).

### CONCLUSION

Plaintiffs' certification motion is GRANTED. The Court appoints Pagano, Acevedo and McNeil as representatives for the class and William K. Li as lead class counsel. The motion to

compel production is DENIED, and plaintiffs are directed to file a proposed class notice 14 days after the issuance of this order.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
 October 30, 2024

8