UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
BENJAMIN PAGANO, PAIGE ACEVEDO, and
MAGGIE MCNEIL, on behalf of themselves and
all others similarly situated,

                               Plaintiffs,

           -against-

HN & SONS LLC d/b/a Bushwick Public House,
DERIHU 18 LLC a/k/a Chispa, and HOOMAN
ENAYATIAN,

                            Defendants.
------------------------------------------------------------- x

**REPORT AND
RECOMMENDATION**

22 Civ. 4897 (BMC) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      Before the Court is the motion of Plaintiffs Benjamin Pagano, Paige Acevedo and

Maggie McNeil, on behalf of themselves and all others similarly situated ("Plaintiffs"), for an

award of attorneys' fees, see generally ECF Nos. 87-87-1, pursuant to the District Court's

September 19, 2023, Order imposing sanctions (the "Sanctions Order"), see 9/19/2023 Order, on

Defendants HN & Sons LLC, doing business as Bushwick Public House ("Bushwick"); Derihu

18 LLC, also known as Chispa ("Derihu"); and Hooman Enayatian ("Mr. Enayatian" and,

collectively with Bushwick and Derihu, "Defendants"). For the reasons discussed below, the

Court respectfully recommends that Plaintiffs' motion be granted in part and denied in part, and

that, pursuant to the Sanctions Order, Plaintiffs be awarded $8,000.00 in attorneys' fees and

$582.90 in costs, totaling $8,582.90.

**I.     BACKGROUND**

      Plaintiffs, Bushwick and Mr. Enayatian filed a joint letter, in which Plaintiffs raised two

issues: (1) that "Plaintiffs, through responses to third-party subpoenas from Defendants' former

Point of Sales ('POS') vendors, discovered eighteen (18) additional putative class members that

Defendants have previously failed to disclose," as well as "at least three (3) other names that were discovered from some of the POS vendor responses that Plaintiffs received prior," ECF No. 70 at 1-2, and (2) that, in response to Plaintiffs' request to Defendants for "all of their employment policies and handbooks, including a binder containing same" in both locations, "Defendants have previously responded that no such documents existed" but, "during the subsequent depositions of Defendant David Laroda . . . and Defendant Josh Beckett . . . , both managers testified that such documents and binders did in fact exist in both locations," id. at 2 (citation omitted).

The District Court construed Plaintiffs' portion of the joint letter as a motion for sanctions and granted it, reasoning (1) that "[i]t was not up to plaintiffs to go learn who defendants' employees were from defendants' vendors," which "was defendants' obligation," and (2) that Defendants cannot "claim in response to written discovery requests that it has no employment policies or handbooks and then have its managers testify that it does – or, at least did." 9/19/2023 Order.  The District Court sanctioned Defendants "in an amount equal to the reasonable attorneys' fees and costs that plaintiffs have incurred in seeking and obtaining these documents and information from third parties," to which the parties could stipulate or as to which Plaintiffs could move for relief, and instructed that it would "provide the jury with an adverse inference instruction at trial concerning the missing policies and manuals which have inexplicably ceased to exist." Id.

Plaintiffs subsequently moved for an award of attorneys' fees pursuant to the Sanctions Order.  See generally ECF Nos. 87-87-1.  Defendants opposed the motion.  See generally ECF

Nos. 88-88-2.  Plaintiffs replied.[1]  <u>See generally</u> ECF No. 89.  The District Court referred the motion to the undersigned for a report and recommendation.

## II.    DISCUSSION

Federal Rule of Civil Procedure 37(c)(1)(A) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . the court, on motion and after giving an opportunity to be heard[,] . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure."[2]  In determining the amount of attorneys' fees to be awarded as such a sanction, "[c]ourts employ the 'lodestar' method . . . , multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate." <u>Martinez v. City of New York</u>, 330 F.R.D. 60, 66 (E.D.N.Y. 2019) (citations omitted).  The burden to "document[] the appropriate hours expended and hourly rates" rests with the party seeking the award.  <u>Id.</u> (citation & quotations omitted).

The Court addresses Plaintiffs' request for an award of attorneys' fees and for an award of costs each in turn.

### A.    Attorneys' Fees

Plaintiffs request an award of $20,088.00 in attorneys' fees, representing 28.6 hours of work by William Li at the hourly rate of $450.00 and 21.0 hours of work by Stephen Bourtin at the hourly rate of $450.00 with a ten percent overall reduction to account for duplicative efforts and administrative work.  <u>See</u> ECF No. 87 at 2-3; ECF No. 89 at 3-4.

---

[1] Derihu never filed an appearance, and Bushwick and Mr. Enayatian have since defaulted.  <u>See generally</u> ECF No 119.

[2] Although the Sanctions Order does not explicitly refer to this Rule, the Court construes the portion of the Sanctions Order relating to the imposition of attorneys' fees as an exercise of the District Court's authority pursuant to this Rule.

In opposition, Defendants raise arguments as to both the number of hours claimed and the hourly rates claimed.  See generally ECF No. 88.

As to the number of hours claimed, Defendants argue that "a majority of the fees requested are unrelated to the time and expense incurred to subpoena the third-party point-of-sale vendors," as "many of the entries concern circulation of the collective action notice, and other discovery issues, which were not included in the Court's September 19, 2023[,] Order."  Id. at 1. Defendants propose that the Court award attorneys' fees for, "at most[,] a combined 13.8 hours on efforts to subpoena the third-party point-of-sale provide[r]s," consisting of 3.3 hours for work performed by William Li and 10.5 hours for work performed by Stephen Bourtin.  Id. at 1-2.

As to the hourly rates claimed, Defendants contend that "the hourly rate of $450.00 per hour requested by Plaintiff[s'] counsel is excessive, and improperly relies on precedent from the Southern District."  Id. at 2 (citation omitted).  Defendants proposed that "[a] more appropriate hourly rate for Mr. Li is $325.00 per hour, and the hourly rate for Mr. Bourtin, who is not on Mr. Li's website, should be $200 per hour[]."  Id. (citations omitted).  Overall, Defendants propose that Plaintiffs be awarded $2,538.00 in attorneys' fees, representing a twenty percent reduction from $3,172.50, which is Defendants' proposed calculation of attorneys' fees based on 3.3 hours of work performed by William Li at the hourly rate of $325.00 and 10.5 hours of work performed by Stephen Bourtin at the hourly rate of $200.00.  See id.

In reply, Plaintiffs respond to Defendants' arguments as to the number of hours claimed and the hourly rates claimed.  See generally ECF No. 89.

As to the number of hours claimed, Plaintiffs contend that Defendants "erroneously argue[] that the Order only limits Plaintiffs' fee application for time spent on obtaining third-party discovery from Defendants' former point of sales . .  vendors and/or credit card processors"

but that the Sanctions Order "was issued in response to the parties' September 18, 2023[,] joint letter . . . in which Plaintiffs informed the Court, <u>inter alia</u>, of Plaintiffs' continued identification of additional putative class members due to Defendants' failure to disclose them and Defendants' continued refusal to provide key relevant wage policies." <u>Id.</u> at 1 (citation omitted). Plaintiffs further offer that they "had to spend an extraordinary amount of time trying to identify and locate these putative class members" and "had to spend a meaningful amount of time and efforts in locating the contact information for a number of the putative class members due to Defendants' failure to provide them." <u>Id.</u> Plaintiffs additionally point to a prior Order entered by the District Court, stating that, "[i]f it turns out that defendants failed to provide names that they should have provided, the Court will sanction defendants $5000 per undisclosed employee," to support their argument that "the Court granted Plaintiffs the right to request attorneys' fees relating to not just simply obtaining discovery received and to work to find and provide notice to the undisclosed putative class members when this information should otherwise have been produced by Defendants." <u>Id.</u> at 2 (citing ECF No. 53 ¶ 2). Plaintiffs state that William Li performed an additional 3.9 hours of work in preparing the reply and that Stephen Bourtin performed an additional 1.0 hour of work in preparing the reply, for which they seek an award. <u>See id.</u> at 3.

As to the hourly rates claimed, Plaintiffs argue that the cases on which Defendants rely pertain to awards of attorneys' fees to attorneys who "are much less experienced than Plaintiffs' attorneys," with William Li having fourteen years of experience and with Stephen Bourtin having more than twenty years of experience, both of which primarily in labor and employment law. <u>Id.</u> at 2. Plaintiffs additionally contend that "Defendants' argument that there should be any major distinction between fees awarded to attorneys in the Southern and Eastern Districts of New York is without support." <u>Id.</u> at 3.

Although Defendants are no longer participating in this case, the Court must assess what are reasonable attorneys' fees under the Sanctions Order and Federal Rule of Civil Procedure 37(c)(1)(A). The Court respectfully recommends that Plaintiffs be awarded $8,000.00 in attorneys' fees, representing 20.0 hours of work performed at the hourly rate of $400.00.

### 1.    Number Of Hours Reasonably Spent

The Sanctions Order dictates the scope of compensable work on this motion. The Court disagrees with Defendants' proposed interpretation of the Sanctions Order as too narrow, namely that it permits recovery of attorneys' fees and costs only for seeking and obtaining documents and information from third parties, see ECF No. 88 at 1, and with Plaintiffs' proposed interpretation of the Sanctions Order as too broad, namely that it permits recovery of attorneys' fees and costs for efforts to identify putative class members not previously identified, as well as efforts to ascertain the contact information of previously identified putative class members and to address issues related to the class notices. The Sanctions Order states, in pertinent part, that "[i]t was not up to plaintiffs to go learn who defendants' employees were from defendants' vendors," which "was defendants' obligation," and sanctioned Defendants "in an amount equal to the reasonable attorneys' fees and costs that plaintiffs have incurred in seeking and obtaining these documents and information from third parties." 9/19/2023 Order. A fair reading of the Sanctions Order is that it permits the recovery of reasonable attorneys' fees incurred by Plaintiffs due to Defendants' failure to provide the identities of a number of putative class members, whether directly through contact with the subpoenaed non-parties or otherwise. The language of the Sanctions Order, in view of the motion on which the Sanctions Order was entered, does not provide for an award of attorneys' fees for work performed unrelated to the identification of previously unidentified putative class members. Any other work is therefore non-compensable

6

pursuant to the Sanctions Order, which includes work to address issues with obtaining the contact information of previously identified putative class members, work to address issues related to the use of any such contact information obtained to send class notices and the posting of such class notices, and any further unrelated work, including to address discovery issues unrelated to learning the identities of the putative class members.[3]

The Court respectfully recommends that Plaintiffs be awarded compensation for 20.0 hours of work performed, consisting of 15.1 hours of work performed by William Li and 4.9 hours of work performed by Stephen Bourtin.  The Court discusses the time entries of William Li and Stephen Bourtin each in turn.

### a.    William Li

The Court respectfully recommends that Plaintiffs be awarded compensation for 15.1 hours of work performed by William Li.

A number of the time entries for which compensation is sought are block-billed and refer to work within the scope of the Sanctions Order, namely that done in the furtherance of identifying the putative class members, and work outside the scope of the Sanctions Order, or work that is otherwise non-compensable as a sanction, as discussed above, see supra, Sec. II(A)(1).  Given the block billing, or the intertwined nature of the work, the Court cannot parse such entries and thus does not recommend an award of fees for these time entries.

The first category of such entries contains work on issues related to Plaintiffs' lack of contact information for previously identified putative class members: 1.6 hours on 2/20/2023 (including drafting of revised class notices due to "Defendants' failure to provide any mailing

---

[3] In performing this analysis, the Court does not take a position as to whether, should Plaintiffs be successful in this case, such work would be compensable as part of a fee award under a fee-shifting statute.

address[es] for the putative class," as well as related legal research and communications with Defendants); 0.9 hours on 2/20/2023 (including preparation of a filing seeking approval of the aforementioned class notices); 0.5 hours on 2/21/2023 (same); 0.3 hours on 2/22/2023 (same); 0.3 hours on 8/30/2023 (including "correspondence with clients relating to . . . social media account verification for putative class members that [sic] Defendants failed to provide any contact information"). The Sanctions Order is not addressed to gaps in information as to contact information. It is common work for class counsel to need to verify class members' contact information. This is not work necessitated by Defendants' failure to identify putative class members and not covered by the Sanctions Order.

The second category of work that does not seem to be the result of Defendants' alleged failure to provide the identities of some putative class members, but, rather, was occasioned by having to give class members notice: 0.5 hours on 2/22/2023 (including corresponding with Defendants as to unspecified "outstanding discovery issues . . . and other logistics pertaining to distribution of the [n]otice of lawsuit"); 0.6 hours on 3/2/2023 (including "[e]dit[ing] and submit[ting] letter to [C]ourt seeking approval for revised [n]otice of [l]awsuit"); 0.9 hours on 3/16/2023 (including preparation of a letter pertaining to "posting of the notice of [the] lawsuit"); 0.7 hours on 3/21/2023 (including "email correspondence with clients pertaining to possible locations to post [the] [n]otice of [l]awsuit"); 0.3 hours on 3/22/2023 (including correspondence with Defendants "relating to posting of [the] [n]otice of [l]awsuit"); 0.5 hours on 3/23/2023 (including correspondence with Defendants as to "marked-up screenshots of Plaintiffs' proposed posting locations"); 0.4 hours on 8/10/2023 (including correspondence with Defendants as "to putative class members' social media accounts[,] which Plaintiffs propose to use to send [the] [n]otice of [l]awsuit"); 0.1 hours on 8/17/2023 (including correspondence with Defendants as to

"better evidence of Defendants' posting of [the] [n]otice of [l]awsuit" and the "wording of [a]

cover text message for the [n]otice of [l]awsuit").

The third category of such entries contains work on unrelated discovery issues: 1.5 hours

on 2/24/2023 (including "correspondence with opposing counsel and clients relating to . . .

contact information" and correspondence with Defendants as to unspecified "on[]going

discovery disputes"); 0.2 hours on 3/2/2023 (including correspondence with Defendants as to

unspecified "continued discovery deficiencies"); 0.2 hours on 7/12/2023 (including

correspondence with Defendants as to unspecified "discovery issues"); 0.4 hours on 7/25/2023

(including correspondence with Defendants as to unspecified "continued discovery issues").

The fourth category of such entries contains work on administrative tasks: 0.4 hours on

2/10/2023 (including "caus[ing] [t]hird-party subpoenas to be served") and 0.7 hours on

2/10/2023 (including "email correspondence with legal department of POS provider pertaining to

the location of where to serve the subpoenas").

An additional single entry contains work related to Defendants' representation issues,

which is plainly outside the scope of the Sanctions Order: 0.6 hours on 4/25/2023 (including

"[d]raft[ing] letter to [the] Court relating to Def[endant]s' failure to retain substitute counsel").

Beyond the issues of block billing, the intertwined nature of some work, and work not

occasioned by Defendants' omissions in discovery, the following additional time entries are non-

compensable, either because the entry is an administrative task that is inappropriate work for

which to compensate an experienced attorney, as to the first entry, or because the work relates to

a dispute as to a particular putative class member outside the scope of the Sanctions Order, as to

the second entry: 0.1 hours on 2/10/2023 for "[e]mail correspondence . . . to confirm the correct

location to serve third-party subpoena," which is an administrative task, and 0.2 hours on

8/25/2023 to correspond with Defendants as to "disputed putative class member Clarice Reiner," which is outside the scope of the Sanctions Order.

The following time entries are for compensable work on seeking the identities of putative class members not previously disclosed by Defendants, reviewing related information, conducting related research, engaging in related correspondence, and preparing related filings: 0.2 hours on 1/13/2023, 0.3 hours on 2/10/2023, 0.3 hours on 2/13/2023, 0.4 hours on 2/13/2023, 0.5 hours on 2/14/2023, 0.8 hours on 3/1/2023, 0.8 hours on 3/2/2023, 0.1 hours on 3/20/2023, 0.4 hours on 4/10/2023, 0.2 hours on 8/9/2023.

The following entries are for compensable work on preparing the motion for sanctions, see generally ECF Nos. 70-70-1, meeting and conferring internally and with Defendants regarding such motion, reviewing the Sanctions Order, and preparing the relevant time entries pursuant to the Sanctions Order, see D'Amico Dry D.A.C. v. Primera Maritime (Hellas) Limited), 433 F. Supp. 3d 576, 580 (S.D.N.Y. 2019) (reasoning that the plaintiff was "entitled to the fees its counsel accrued in making and litigating the fee application itself" (citation omitted)), aff'd sub nom., d'Amico Dry d.a.c. v. Sonic Finance Inc., 794 F. App'x 127 (2d Cir. 2020); Samms v. Abrams, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016) (reciting that "attorneys' fees for the preparation of the fee application are compensable" (citation & quotations omitted)): 1.9 hours on 7/23/2023, 1.3 hours on 7/25/2023, 0.5 hours on 9/5/2023, 0.4 hours on 9/6/2023, 0.4 hours on 9/14/2023, 0.4 hours on 9/15/2023, 0.4 hours on 9/15/2023, 0.3 hours on 9/18/2023, 0.3 hours on 9/19/2023, 1.3 hours on 9/27/2023, and 3.9 hours to prepare the reply on an unspecified date.

b.      **Stephen Bourtin**

The Court respectfully recommends that Plaintiffs be awarded compensation for 4.9 hours of work performed by Stephen Bourtin.

As with Mr. Li's entries, a number of Mr. Bourtin's time entries for which compensation is sought are block-billed and refer to work within the scope of the Sanctions Order, namely that done in the furtherance of identifying the putative class members, and work outside the scope of the Sanctions Order, or work that is otherwise non-compensable, as discussed above, see supra, Sec. II(A)(1).  Given the block billing, or the intertwined nature of the work, the Court cannot parse such entries and recommend any award for such time entries.

The first category of such entries contains work on issues related to Plaintiffs' lack of contact information for previously identified putative class members: 0.4 hours on 1/13/2023 (including review of an Order "on discovery and class notice issues and class member . . . contact information" and correspondence regarding the same topics with co-counsel); 0.5 hours on 2/13/2023 (including correspondence with co-counsel about "Defendants' production of employee . . . contact information and insufficiencies regarding same"); 1.9 hours on 2/14/2023 (including correspondence with co-counsel about "Defendants' failure to provide . . . contact information" for the putative class members and "compliance with [a] status conference [O]rder," the "review of transcript of [a] Court conference regarding various discovery issues," and "online research and discussion of potential remedies and options to obtain same for dissemination of putative class notice"); 0.6 hours on 2/21/2023 (including preparation of a letter as to employee "contact information for putative class and notice" and issues related to the "form and process" of the class notices); 0.2 hours on 2/24/2023 (including correspondence with co-counsel about "identification of missing employee . . . contact information[,] as well as relevant

11

sales and payroll date[s]"); 0.6 hours on 3/2/2023 (including correspondence with co-counsel as to Defendants' failure to provide contact information for putative class members and issues related to the class notices).  As noted above, this work does not fall within the Sanctions Order, and it was not occasioned by Defendants' alleged failures.

The second category of work does not seem to be the result of Defendants' alleged failure to provide the identities of some putative class members, but, rather, was occasioned by having to give class members notice: 0.5 hours on 3/16/2023 (including preparation of a letter as to, and review of an Order as to, issues related to the class notices); 0.1 hours on 3/20/2023 (including review of Defendants' filing relating to issues related to the class notices); 0.2 hours on 3/21/2023 (including review of an Order addressing issues with the class notices and related discussion).

The third category of such entries contains work on unrelated discovery issues: 5.4 hours on 2/9/2023 (including review of "Plaintiffs' first request for production of documents").

The fourth category of such entries contains damages-related work: 2.0 hours on 2/27/2023 (including correspondence with subpoenaed non-parties as to "obtaining relevant sales and payroll date[s]," which is outside the scope of the Sanctions Order); 0.4 hours on 2/28/2023 (including correspondence with co-counsel as to "payroll" and "sales" information from subpoenaed non-parties).

An additional single entry contains work related to Defendants' representation issues, which is plainly outside the scope of the Sanctions Order: 0.8 hours on 4/26/2023 (including review of letter to the Court "from H. Enayatian regarding . . . request for extension of time to retain substitute counsel").

The following entries are for compensable work on seeking the identities of putative class members not previously disclosed by Defendants, reviewing related information, conducting related research, engaging in related correspondence, and preparing related filings: 0.4 hours on 2/10/2023 and 0.1 hours on 7/21/2023.

The following entries are for compensable work on preparing the motion for sanctions, see generally ECF Nos. 70-70-1, meeting and conferring internally and with Defendants regarding such motion, reviewing the Sanctions Order, and preparing the relevant time entries pursuant to the Sanctions Order, see D'Amico Dry D.A.C., 433 F. Supp. 3d at 580 (reasoning that the plaintiff was "entitled to the fees its counsel accrued in making and litigating the fee application itself" (citation omitted)); Samms, 198 F. Supp. at 322 (reciting that "attorneys' fees for the preparation of the fee application are compensable" (citation & quotations omitted)): 0.7 hours on 7/23/2023, 0.9 hours on 7/25/2023, 0.4 hours on 8/30/2023, 0.2 hours on 9/13/2023, 0.2 hours on 9/19/2023, 1.0 hours on 9/27/2023, and 1.0 hours to prepare the reply on an unspecified date.

In sum, the Court finds 15.1 hours of work performed by William Li to be compensable and 13.5 hours of work performed by William Li to be non-compensable pursuant to the Sanctions Order and Federal Rule of Civil Procedure 37(c)(1)(A).  The Court also finds 4.9 hours of work performed by Stephen Bourtin to be compensable and 16.1 hours of work performed by Stephen Bourtin to be non-compensable pursuant to the Sanctions Order and Federal Rule of Civil Procedure 37(c)(1)(A).  The Court therefore respectfully recommends that Plaintiffs be awarded attorneys' fees for 20.0 hours of work performed pursuant to the Sanctions Order and Federal Rule of Civil Procedure 37(c)(1)(A).

2.      **Reasonable Hourly Rate**

In order to calculate a reasonable hourly rate, district courts in the Second Circuit look to the fee that a "reasonable, paying client" would pay. Bergerson v. New York State Office of Mental Health, Central N.Y. Psychiatric Ctr., 652 F.3d 277, 289-90 (2d Cir. 2011) (citations omitted). Although courts in the Second Circuit generally evaluate a "presumptively reasonable fee" based on "the hourly rates employed in the district in which the reviewing court sits[,]" courts may award attorney's fees at "higher out-of-district rates" if "a reasonable client would have selected out-of-district counsel because doing so would likely produce a substantially better net result." Id. (quotations & internal ellipsis omitted).

"Courts in the Eastern District [of New York] have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals in FLSA cases." Dacas v. Duhaney, No. 17 Civ. 3568 (EK) (SMG), 2020 WL 4587343, at *3 (E.D.N.Y. June 18, 2020), report & recommendation adopted, 2020 WL 4586371 (E.D.N.Y. Aug. 10, 2020). Hourly rates at the higher end of the reasonable range for partners are generally reserved for attorneys with over two decades of legal experience. See, e.g., Castillo v. Chapines LLC, No. 22 Civ. 203 (LDH) (SJB), 2024 WL 1452324, at *10 (E.D.N.Y. Feb. 16, 2024) (awarding $400.00 per hour to a partner who "has practiced employment law, including wage and hour cases, for almost fifteen years"), report & recommendation adopted, No. 22 Civ. 203 (LDH) (SJB), 3/4/2024 Order (E.D.N.Y. Mar. 4, 2024); Shum v. JILI Inc., No. 17 Civ. 7600 (RPK) (VMS), 2023 WL 2632497, at *4 (E.D.N.Y. Mar. 23, 2023) (collecting cases and awarding an hourly rate of $400.00 for an attorney who "has been practicing law for approximately 25 years and has represented parties in FLSA actions for approximately 18 years"); Lopez v. 1923 Sneaker, Inc., No. 18 Civ. 3828 (WFK) (RER),

2021 WL 1845057, at *10 (E.D.N.Y. Mar. 5, 2021) (collecting cases and recommending reducing an hourly rate to $375.00 for an attorney who "had practiced law with eighteen years with a primary focus on labor and employment cases"), report & recommendation adopted, 2021 WL 1259623 (E.D.N.Y. Apr. 6, 2021); Godwin v. Buka New York Corp., No. 20 Civ. 969 (RPK) (CLP), 2021 WL 612336, at *12-13 (E.D.N.Y. Feb. 17, 2021) (recommending an hourly award of $400.00 for a partner "with over 20 years of practice in state and federal court litigation"), report & recommendation adopted, 2021 WL 1026553 (E.D.N.Y. Mar. 17, 2021); cf. Lei v. A&C Seafood International Group Corp., No. 21 Civ. 3471 (OEM) (SJB), 2023 WL 8828839, at *3 (E.D.N.Y. Dec. 21, 2023) (awarding $450.00 per hour for an attorney who litigated "numerous wage and hour cases . . . since graduating [from law school] in 2007" in an "undesirable" case).

Plaintiffs seek attorneys' fees at hourly rates of $450.00 for Mr. Li and $450.00 for Mr. Bourtin.[4]  See ECF No. 87 at 2.  The Court respectfully recommends that both Mr. Li's and Mr. Bourtin's hourly rates each be reduced by $50.00 for the purposes of this motion.

Although Mr. Li has some experience in labor and employment law, and although Mr. Li has run his own legal practice since 2019, his experience is not quite on par with that of the attorneys who have been awarded hourly rates at the highest level for partners in FLSA matters. See id.  At the time this motion was submitted, Mr. Li had practiced law for approximately fourteen years, as he graduated from law school in 2009.  See id.  Although Mr. Li has served as

---

[4] The Court notes, and Plaintiffs acknowledge, that Mr. Bourtin never made a formal notice of appearance on behalf of Plaintiffs in this action.  See ECF No. 87 at 2.  Furthermore, there is no mention of whether Mr. Bourtin is admitted to practice in this District.  If Mr. Bourtin intends to repeatedly perform significant work on matters before the Eastern District of New York, he should consider applying for admission to practice before this Court, or applying for pro hac vice admission for each action.  See Local Civ. R. 1.3, 1.4.

counsel in both jury trials and arbitration hearings "in various employment and wage related matters[,]" Mr. Li does not discuss his experience litigating putative class and collective actions, which is at the heart of the sanctions here – the identities of missing class members.[5] See id. Given Mr. Li's experience, and in line with the hourly rates that other courts in this District have awarded to attorneys with similar experience, the Court finds that an hourly rate of $400.00 is appropriate. See Castillo, 2024 WL 1452324, at *10 (awarding a $400.00 hourly rate to a partner with "almost fifteen years" of practice); Lopez, 2021 WL 1845057, at *10 (recommending a $375.00 hourly rate for an attorney with eighteen years of experience); Godwin, 2021 WL 612336, at *12-13 (recommending an hourly rate of $400.00 for a partner with more than twenty years of experience).

Mr. Bourtin's legal experience, although more extensive than that of Mr. Li, similarly does not warrant an hourly rate at the top end of rates for partners in FLSA actions. Although Mr. Bourtin has been practicing law for over twenty years, he practiced general commercial litigation for seven years before switching his practice to labor and employment law. See id. at 2-3. Including the two years prior to filing this motion that Mr. Bourtin has run his own practice, where he "almost exclusively practice[s] labor and employment law representation[,]" Mr. Bourtin's experience with labor and employment law amounts to only about ten years. Id. at 3. Mr. Bourtin also does not address his experience litigating wage-and-hour class or collective actions. See id. Because Mr. Bourtin's total legal experience, while significant, does not all translate to class and collective action wage-and-hour litigation experience, the Court finds that

---

[5] Although the District Court had not yet certified Plaintiffs' Rule 23 class at the time this fees application was filed, see ECF Nos. 87 & 110, the District Court had granted Plaintiffs' motion to bring their FLSA claims as a collective action and the opt-in period had closed. See 3/6/2023 Order; ECF Nos. 71-83.

an hourly rate of $400.00 for Mr. Bourtin is also appropriate and in line with recent awards of attorneys' fees in this District.  See Shum, 2023 WL 2632497, at *4 (awarding a $400.00 hourly rate to an attorney who had been practicing law for "approximately 25 years" but who only had "represented parties in FLSA actions for approximately 18 years"); Fabre v. Highbury Concrete Inc., No. 17 Civ. 984 (CBA) (PK), 2018 WL 2389719, at *4 (E.D.N.Y. May 24, 2018) (awarding a $375.00 hourly rate for an attorney who had practiced law for over twenty-five years and who "focused almost exclusively on FLSA and NYLL lawsuits, including federal wage-and-hour collective and class actions," for ten years).

Accordingly, the Court respectfully recommends that the hourly rates for Messrs. Li and Bourtin be reduced to $400.00 per hour for the purposes of this sanctions award.

Based on the aforementioned hourly rates and hours worked, the Court calculates the lodestar of attorneys' fees for the purposes of this sanctions motion in the following chart:

| Attorney | Hourly Rate | Hours Worked | Total Rate |
|---|---|---|---|
| William Li | $400.00 | 15.1 | $6,040.00 |
| Stephen Bourtin | $400.00 | 4.9 | $1,960.00 |
| | | | Total: $8,000.00 |

As such, the Court respectfully recommends that Plaintiffs' counsel be awarded $8,000.00 in attorneys' fees in connection with the Sanctions Order.

### B.    Costs

The Court respectfully recommends that Plaintiffs be awarded $582.90 in costs pursuant to the Sanctions Order.[6]

Plaintiffs seek an award of $582.90 in costs pursuant to the Sanctions Order.  See ECF No. 87 at 2.  These costs consist of $120.00 for the transcript of the February 8, 2023, conference

---

[6] The Court notes that Defendants did not oppose Plaintiffs' request for an award of $582.90 in costs.  See generally ECF No. 88.

before the District Court, held in response to the parties' joint letter, see 2/8/2023 Dkt Entry, raising issues including Defendants' failure to identify putative class members, see ECF No. 43 at 3; $70.25 for mailing and process server costs as to the subpoena to Shopkeep; $201.15 for mailing and process server costs as to the subpoena to Clover; and $191.50 for process server costs as to the subpoena to Aldelo. See ECF No. 87-2 at 2-7. The Court finds these costs to be compensable and within the scope of the Sanctions Order. See 9/19/2023 Order (reasoning that "[i]t was not up to plaintiffs to go learn who defendants' employees were from defendants' vendors," which "was defendants' obligation," and sanctioning Defendants "in an amount equal to the reasonable attorneys' fees and costs that plaintiffs have incurred in seeking and obtaining these documents and information from third parties").

## III. CONCLUSION

For the reasons discussed above, the Court respectfully recommends that Plaintiffs' motion be granted in part and denied in part and that Plaintiffs be awarded $8,000.00 in attorneys' fees and $582.90 in costs, totaling $8,582.90, pursuant to the Sanctions Order.

## IV. OBJECTIONS

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation by both the District Court and the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that

when a party fails to object timely to a magistrate [judge]'s recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

The Court will mail a copy of this report and recommendation to HN & Sons LLC at 1288 Myrtle Avenue Brooklyn, NY 11221; Derihu 18 LLC at 259 St. Nicholas Avenue, Brooklyn, NY 11237; and Hooman Enayatian at 1288 Myrtle Avenue, Brooklyn, New York 11221, and at 2 Brewer Avenue, Great Neck, NY 11023.

Dated: Brooklyn, New York
        August 28, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge