# William K Li Law PLLC

535 Fifth Avenue, 4th Floor, New York, NY 10017
(212) 380-8198      wli@wlilaw.com

October 15, 2025

**BY ECF**
Hon. Vera M. Scanlon
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   ***Benjamin Pagano, et al. v. HN & Sons LLC d/b/a Bushwick Public House, et al.*, 22-cv-4897(BMC)**

Dear Judge Scanlon,

This firm represents Plaintiffs in the above-referenced Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") Article 6 collective class action. We write, in accordance with the Court's August 28, 2025 text order, to provide the following supplemental information to Plaintiffs' Motion for Default against Defendants HN & Sons LLC d/b/a Bushwick Public House ("Defendant BPH"), Derihu 18 LLC a/k/a Chispa ("Defendant Chispa") and Hooman Enayatian ("Defendant Enayatian") (collectively "Defendants").

**I.   An affidavit from the Department of Defense Manpower Center stating that Defendant Hooman Enayatian is not in military service, see 50 U.S.C. § 3931.**

Plaintiffs respectfully refer the Court to the annexed Exhibit A for an affidavit from Kate B. Stupin of the Department of Defense Manpower Center attesting and confirming that defendant Enayatian is not currently in military service.

**II.   An affidavit stating that 1) Plaintiffs have investigated whether Mr. Enayatian is in military service, and that 2) that Mr. Enayatian is not known to be a minor or incompetent person, see Local Civ. R. 55.2(a)(1)**

Plaintiffs respectfully refer the Court to the accompanying Affirmation of William Li, Esq., and the relevant exhibits thereto.

**III.   A "proposed order detailing the proposed judgment to be entered[,]" Local Civ. R. 55.2(a)(2)**

Plaintiffs respectfully refer the Court to the annexed Exhibit C for a proposed order of judgment to be entered herein.

  **IV.**  **A "certificate of service stating that all documents in support of the request for default judgment, including the 'Clerk's Certificate of Default' and any papers required by [Local Civil Rule 55.2], have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought[,]" Local Civ. R. 55.2(a)(3).**

Plaintiffs respectfully refer the Court to the annexed Exhibit D for a certificate of service stating that all documents in support of the request for default judgment as required by Local Civil Rule 55.2.

  **V.**  **Factual information as to whether Plaintiffs' request for attorneys' fees, in connection with their default judgment motion, was "served on all parties" and "directed to class members in a reasonable manner[,]" pursuant to Fed. R. Civ. P. 23(h)(1)**

A copy of Plaintiffs' Motion for Default and the relevant exhibits (ECF No. 122), which contains our request for fees and costs, and this supplemental submission and its relevant exhibits have been served upon Defaulted Defendants by certified mail. A copy of the certificate of service is attached hereto as Exhibit D.

We intend on directing our Motion for Default and its relevant attachments, subject to the Court's approval, which contains our application for fees and costs and this supplemental submission and its relevant submissions to the Rule 23 Class by posting them on social media for thirty (30) days with directions for any objector to submit any such objections.

This Court previously granted Plaintiffs' plan of notifying the Rule 23 Class of this action *via* social media only (*see* Court's November 12, 2024 Text Order) based on the fact that the demographic nature of the class dating back to 2016 is likely to be transient and that social media platforms would have the highest chance of reaching them. This is in addition to the fact that the Defendants did not keep or maintain many records of its employees' contact information. In addition, the Court also granted Plaintiffs' request to post the notice on social media as it would be an efficient and economical method since the enforcement of this default judgment remains uncertain. Based on the foregoing, we respectfully request the Court to permit Plaintiffs to post this proposed fee notice on the undersigned's professional LinkedIn, Instagram, X (formerly Twitter) and Facebook page while employing "hash tag" references to employers Bushwick Public House and Chispa.

  **V.**  **Sworn declarations from Plaintiffs or excerpts from deposition testimonies that speak to the number of individuals who worked at each shift for Defendants HN & Sons LLC d/b/a Bushwick Public House ("BPH") and Derihu 18 LLC d/b/a Chispa ("Chispa")**

Plaintiffs respectfully refer the Court to the annexed Exhibit E for deposition transcript excerpts of David Laroda ("Laroda") and Exhibit F thereto for deposition transcript excerpts of Josh Beckett ("Beckett") (Defendant BPH's and Chispa's former supervisors and former defendants in this matter) stating that there were sometimes two (2) employees working the morning shift while generally only one employee would work the afternoon shift and one (1) or two (2) employees

typically worked the night shift at BPH, whereas there was always only one (1) employee per shift at Chispa. *See* Laroda Tr. 35:18-37:23; Beckett Tr. 6:25-67:3, 71:25-72:11.

We thank the Court for its continued time and attention to this matter.

Respectfully Submitted,

*/s/ William Li*
William Li

Encl.