UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

BENJAMIN PAGANO, PAIGE ACEVEDO,  :
and MAGGIE MCNEIL, on behalf of  :   **ORDER ADOPTING IN PART**
themselves and others similarly situated,  :   **REPORT AND**
DONALD NORWOOOD, CLARICE  :   **RECOMMENDATION**
REINER, NATHAN SEARING, NARA  :
AVAKIAN, NOLAN SLAY, BEATRICE  :   22-cv-4897 (BMC)
DAMICO, JUSTIN BROWN, AARON  :
APPLEBEY, DYLAN PARR, ELIZABETH  :
ARMANINI, ANGEL DE LOS SANTOS,  :
MICHELLE MAXWELL, and DANIEL M.  :
BEAVER-SEITZ,  :
  :
                Plaintiffs,  :
  :
  :
        -against-  :
  :
  :
HN & SONS LLC d/b/a Bushwick Public  :
House, DERIHU 18 LLC a/k/a Chispa, and  :
HOOMAN ENAYATIAN,  :
  :
           Defendants.  :

------------------------------------------------------------ X

**COGAN**, District Judge.

This matter is before me on the Report and Recommendation ("R&R") of Magistrate

Judge Scanlon dated February 26, 2026, which recommends that I grant in part and deny in part

plaintiffs' motion for default judgment against defendants.  Plaintiffs object to three aspects of

the R&R: (1) denial of damages for plaintiff Acevedo; (2) denial of damages for the FLSA opt-in

plaintiffs; and (3) the proposed decertification of the class.  I will evaluate those aspects of the

R&R *de novo*.  See 28 U.S.C. § 636(b)(1)(C).  As for the rest of the R&R, having received no

objections from either side, I adopt those recommendations in their entirety.  See Austin v.

Lynch, No. 10-cv-7534, 2011 WL 6399622, at *1 ("When no objections are filed to a Report and

Recommendation, a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." (Quoting Fed. R. Civ. P. 72(b) advisory committee note)).

First, I agree with Judge Scanlon that it is impossible to calculate Acevedo's total minimum-wage damages. After August 18, 2019 (the earliest date to which the three-year FLSA limitations period extends), plaintiffs have offered very limited information regarding Acevedo's hours worked and pay received. The amended complaint says that from May 2019 to December 2021, Acevedo worked five 8-hour shifts and was paid $45 for each. The Court can't do anything with this information. Plaintiffs need to identify how many 8-hour shifts Acevedo worked between *August 18*, 2019, and whatever end date in December 2021. The amended complaint then says that in December 2021, Acevedo worked Mondays and Wednesdays from 2 to 8 p.m. and was paid $75 per shift. Plaintiffs need to identify, at least approximately, the December date on which Acevedo started working Mondays and Wednesdays from 2 to 8 p.m., and the date on which Acevedo stopped working Mondays and Wednesdays from 2 to 8 p.m. Finally, the amended complaint says that Acevedo would cover for other employees sometime after February 2022 and would be paid $75 for working the 2 to 8 p.m. shift or $45 for working the 8 p.m. to 4 a.m. shift. Plaintiffs need to identify how many additional shifts Acevedo worked, or how often she worked additional shifts during an approximately-defined timeframe, and which schedule she worked for each.

Second, I agree with Judge Scanlon that it is also impossible to calculate total minimum-wage damages for the FLSA opt-in plaintiffs. The amended complaint does not plead the FLSA opt-in plaintiffs' dates of employment, rates of pay, or hours worked. Further, only two of the FLSA opt-in plaintiffs, Appleby and Avakian, submitted declarations in support of the motion,

and their declarations are insufficient.  Applebey's declaration does not identify his rate of pay, the number of hours he worked per shift, the number of shifts he worked per week, or the approximate dates of his employment.  Although Avakian's declaration provides her rate of pay and approximate dates of employment, it does not identify the number of hours she worked per shift or the number of shifts she worked per week.

Plaintiffs are right that employees' recollections and estimates of hours worked suffice to establish damages for unpaid wages "when an employer fails to maintain accurate records or where, as here, no records have been produced as a consequence of a defendant's default."  See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 88 (E.D.N.Y. 2012) (citation omitted).  But plaintiffs haven't met that minimal burden with respect to Acevedo or the FLSA opt-in plaintiffs.  At bottom, all that Judge Scanlon – and now this Court – has asked plaintiffs to do is provide declarations which approximate, to the best of their recollections, the rates that they were paid, the number of hours that they worked, and the amount of tips that were withheld from them.  If plaintiffs can't or won't do this, they won't get damages.

Finally, I *disagree* with Judge Scanlon that plaintiffs get one last opportunity to make a legally sufficient showing of class damages: plaintiffs get no more chances, and I am *sua sponte* decertifying the class for damages purposes.  See Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co., 301 F.R.D. 116, 142 (S.D.N.Y. 2014) (finding that proposed class met the predominance requirement for liability purposes but not for ascertaining class-wide damages and thus certifying class for liability purposes only).  In Judge Scanlon's words,

> Although the Court may make estimates of damages based on Plaintiffs' or witnesses' recollections and does not expect exacting recitations of schedules, hours, staffing numbers or pay rates, Plaintiffs fail to submit even a minimal amount of consistent evidence from which the Court could extrapolate calculations of unpaid-wage damages on behalf of the Class.

3

It's one thing to ask the Court to pick the lowest damages number; it's another thing to ask the Court to gloss over inconsistencies and make compounding, unfounded assumptions.[1]

Judge Scanlon gave plaintiffs multiple opportunities to amend and supplement their motion for default judgment. In fact, she held hearings in August 2025 and December 2025 to share her uncertainty with respect to plaintiffs' damages calculations and to explain what information plaintiffs needed to provide in order to obtain damages for tips and wages owed. Plaintiffs have already gotten many chances to get this right. Given that fact and, frankly, the age of this undefended case, I see no utility in offering plaintiffs another chance. I'll note that for these reasons, I could have chosen to also deny plaintiffs an opportunity to supplement their damages evidence for Acevedo and the FLSA opt-in plaintiffs.

In summary, I am overruling plaintiffs' objections and adopting the R&R in all material respects except for its provision of a last chance for plaintiffs to demonstrate class damages. There will be no last chance to demonstrate class damages. Consistent with the R&R's directives, plaintiffs have 30 days to file a supplemental motion for damages and other monetary relief, which is referred back to Judge Scanlon. Plaintiffs may wish to consider whether it would

---

[1] Plaintiffs appear to be challenging the Court with their request that it "provide [them] with the applicable legal authority containing an analogous fact pattern and acceptable methodology for determining damages where a default judgment was granted for the entire class." It's plaintiffs' job to show their entitlement to damages – not the Court's. Besides, Judge Scanlon has given plaintiffs plenty of help up to this point.

be better to spare themselves the effort of reapplying for certain relief, as it seems that they might

be trying to get blood (damages) out of a stone (a failed and shut down business).

**SO ORDERED.**

_Brian M. Cogan_
U.S.D.J.

Dated: Brooklyn, New York
       May 4, 2026

5