UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

BENJAMIN PAGANO, PAIGE ACEVEDO, :
and MAGGIE MCNEIL, on behalf of :
themselves and others similarly situated, :
DONALD NORWOOD, CLARICE REINER, :
NATHAN SEARING, NARA AVAKIAN, :
NOLAN SLAY, BEATRICE DAMICO, :
JUSTIN BROWN, AARON APPLEBEY, :
DYLAN PARR, ELIZABETH ARMANINI, :
ANGEL DE LOS SANTOS, MICHELLE :
MAXWELL, and DANIEL M. BEAVER- :
SEITZ, :
  :
Plaintiffs, :
  :
-against- :
  :
HN & SONS LLC d/b/a Bushwick Public :
House, DERIHU 18 LLC a/k/a Chispa, and :
HOOMAN ENAYATIAN, :
  :
Defendants. :

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

22-cv-4897 (BMC)

**COGAN**, District Judge.

Only one issue remains in this FLSA/NYLL action: the amount of plaintiffs' attorneys' fees and costs to be recovered. Plaintiffs have already obtained a Report and Recommendation ("R&R") from Magistrate Judge Scanlon recommending that this Court grant their motion for a default judgment in part, and this Court adopted that R&R in nearly all respects. The Court permitted plaintiffs to supplement some of their damages requests lest those requests be denied, but plaintiffs ultimately declined to do so. Accordingly, the issue of damages is now resolved.

The matter of attorneys' fees and costs, however, is not.  The R&R deferred making a recommendation on attorneys' fees and costs on the theory that counsel was "likely to spend more time working on this matter," so it would be better to wait until counsel was done.  That time is now.

Plaintiffs are entitled to be paid reasonable attorneys' fees and costs as the prevailing parties in this FLSA/NYLL action.  See Callari v. Blackman Plumbing Supply, Inc., No. 11-cv-3655, 2020 WL 2771008, at *6 (E.D.N.Y. May 4, 2020) (collecting cases), report and recommendation adopted, No. 11-cv-3655, 2020 WL 2769266 (E.D.N.Y. May 28, 2020).  In determining a reasonable attorneys' fees award, "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'"  Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)).  In calculating the presumptively reasonable fee, the Court should, among other things look to what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to pay.  Arbor Hill, 522 F.3d at 190.

Here, plaintiffs are seeking $114,765 in attorneys' fees.  They have submitted invoices for senior attorneys William Li and Stephen Bourtin, billing at an hourly rate of $450, and for "freelance damage calculator" Corey Shotwell, billing akin to a paralegal at an hourly rate of $100.  Their combined total of 266.1 hours covers a host of activities: drafting the complaint, engaging in discovery all the way through the taking of depositions, conferring with named plaintiffs and opt-in class members, and preparing various motions (collective and class certification, sanctions, default judgment, etc.).  The rates are reasonable. However, a significant number of hours – at least a quarter, potentially half – were aimed at obtaining collective- and

2

class-wide relief: *e.g.*, member identification and outreach, certification briefing, onboarding opt-ins. Although plaintiffs' collective and class certification motions were granted (albeit the latter was unopposed), plaintiffs did not prevail in securing any damages awards for the opt-ins or the class. Given plaintiffs' lack of success on this front (and, as explained below, the potential futility of having brought this lawsuit in the first place), the Court is reducing plaintiffs' fee request by 25% for a total of $86,073.75. Plaintiffs' request for $5,076 in costs is reasonable and is granted.

The fact that so much time has been spent on this case is not all the fault of plaintiffs' counsel; defendants initially appeared in the case, engaged in discovery (with resistance), dropped two sets of attorneys, and then disappeared. But it is somewhat of a mystery to this Court why plaintiffs' attorneys have been pursuing the default judgment – or collective and class certification, for that matter – since that time against what appear to be defunct defendants.[1] The business has closed. There is no reason to believe that it has any assets within reach of a judgment creditor. Nor is there any reason that the former owner, also a defendant, has any assets upon which the judgment could be exercised; certainly, plaintiffs have not been pursuing him with the vigor that they have with the LLC defendants.

We get *a lot* of FLSA/NYLL cases in this District against marginal businesses like low-end restaurants, bars, and bodegas. It is not surprising. As has been observed in a related context in New York City, "the rent is too damn high." The taxes are high. The wholesale cost of goods is high. It is thus no surprise that when small employers feel compelled to cut

---

[1] Plaintiffs have been aware of defendants' defunct status for a very long time – before they even filed their collective and class certification motion. In fact, Li's billing records show that at the end of 2022, he "[c]onduct[ed] legal research relating to default judgment against a closed entity and getting discovery and putative class information relating to same."

expenses, the first place they look is employee salaries, as those are easiest to cut and draw the least scrutiny.

This is certainly not the first time that I've seen a small business go belly-up during the pendency of a wage case. But it doesn't matter if it is economically infeasible for employers to comply with the wage laws.  The law is the law, and employers have to follow it like everyone else; if that means that they can't afford to run a small business, then they should shut it down.  It is not acceptable to cut corners when those corners are the legal requirements for running a business.

However, because the failure of a small business in a wage case is not an infrequent occurrence, it behooves a plaintiff's lawyer to consider at the outset of a case, and as the case develops, whether a judgment, if obtained, will be worth the paper it is written on.  It is difficult to justify incurring substantial attorneys' fees if there is a high likelihood that the effort is for naught.  On one level, a high degree as to the risk of collectability is a factor that could enhance an attorneys' fee award.  But when a plaintiff is suing, for example, a marginal bar, bodega, or restaurant, a careful evaluation has to be made whether the economics will the support the case. Shooting ducks in a barrel doesn't make much sense when the ducks are already dead.

I think it is proper for the Court to intervene to make sure that these cases on the margin are being primarily run for the benefit of the plaintiffs, and not their attorneys.  The attorneys are being awarded a fee, in part, for the result they obtain, and if their clients never see a penny from a judgment in their favor, the attorneys shouldn't either.  Especially in wage cases, plaintiffs' attorneys are in a much better position to ascertain collectability than their clients.

4

I will therefore provide in the final judgment that any execution shall be for the benefit of plaintiffs until they are fully paid, and only then will further executions result in payment to plaintiffs' attorneys.

Plaintiffs' motion for attorneys' fees and costs is therefore granted in the amount of $86,073.75 in fees plus $5,076 in costs, subject to plaintiffs McNeil and Pagano first collecting their damages awards plus pre- and post-judgment interest.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       June 17, 2026